UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-825-H

JONAS SOSA, SR.                                                                                    PLAINTIFF

V.

INNWOOD CONDOMINIUM OWNERS
ASSOCIATION, et al.                                                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

The remainder of Defendants in this case have now moved to dismiss the claims against them. Plaintiff has not responded directly to the motion. Previously, the Court has dismissed claims against several judiciary defendants. Some of the defects in Plaintiff's claims that the Court identified then are equally fatal now. For the reasons stated in Defendants' motions and reiterated here, the Court concludes that dismissal is appropriate.

This action arises from an adverse foreclosure action in Jefferson Circuit Court. Plaintiff owned five rental properties located in the Innwood Condominium complex. The Condominium Association (the "Association") imposed certain assessments which Plaintiff refused to pay. Plaintiff's basic complaint is that the remaining Defendants conspired to assess unlawful condominium fees against him. Plaintiff alleges various violations of the Association's bylaws as well as claims under RICO, the Americans with Disabilities Act, discrimination, fraud and negligence.

There are two primary obstacles to Plaintiff's complaint. First, the complaint asserts no specific facts to support its claim. It consists almost entirely of legal assertions and conclusions. Its complete absence of facts fails to raise the allegations above the speculative and conclusory

level. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). Even in a *pro se* complaint, the allegations must rise above mere conclusory statements without any factual enhancements. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Plaintiff's complaint fails to meet these required minimum standards.

Second, the complaint also fails due to issue preclusion. Prior to filing this action, Plaintiff had lost two cases in state court which involved the very same issues contended here. In one action, the Association foreclosed on Plaintiff's property. The state court upheld the Association's actions in all respects. In the other action, the same Plaintiff sought injunctive relief against the Association. Once again, the Association prevailed.

Defendants have analyzed four requirements to establish issue preclusion. *See Trafalgar Corp. v. Miami County Bd. of Com'rs*, 519 F.3d 285, 287 (6th Cir. 2008). The Court agrees that all four requirements are established here. Most important, Plaintiff had a full opportunity to litigate the validity of the Association's assessment and has lost on both occasions. To succeed on any of his claims, Plaintiff could not prevail on precisely the issues which he has already lost. Therefore, Plaintiff's claims must be dismissed on issue preclusion grounds.

Some of Plaintiff's claims seem particularly obscure. He asserts claims for discrimination, disability discrimination and defamation without giving any grounds whatsoever to support them. Similarly, Plaintiff, rather than respond to the motion to dismiss, has moved to recuse this judge and has moved for relief based on attorney fraud. Neither of these motions has the slightest basis in fact or law.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is SUSTAINED and

Plaintiff's claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion to recuse and his motion for relief based on attorney fraud are DENIED.

All other motions are moot.

This is a final and appealable order.

cc: Plaintiff, *Pro Se*
    Counsel of Record